Case 17-22229-GLT    Doc 87    Filed 11/18/20    Entered 11/18/20 14:34:44    Desc Main
Document    Page 1 of 2

FILED
11/18/20 1:29 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: | : | Case No.: | 17-22229-GLT |
| | : | Chapter: | 13 |
| David O. Marshall, Sr. | : | | |
| | : | | |
| | : | Date: | 11/18/2020 |
| *Debtor(s).* | : | Time: | 10:00 |

## PROCEEDING MEMO

**MATTER:**   #73 - Objection to Claim No. 7 of Julie Wardigo
  #77 - Response to Debtor's Objection to Claim No. 7 of Julie Wardigo by Julie Wardigo

  #78 - Motion to Withdraw as Attorney for Julie Wardigo
  [Response due 11/7/2020]
  #85 - Certificate of No Objection

**APPEARANCES:**
  Debtor:   Michael S. Geisler
  Julie Wardigo:   Robert Adams

**NOTES:** (10:13)

Court: Objection to a claim filed for failure to allow purchase option for a property. There is also a communication issue involving Ms. Wardigo, and a timeliness of the claim objection.

Geisler: This was a sale contract, which was in effect at the time of filing. The debtor abandoned the property and the debtor is owed money. The debtor isn't pursuing it, they simply ask the claim be denied.

Court: Is anyone living there?

Geisler: No.

Court: Why wasn't the claim objection brought earlier?

Geisler: The circumstances didn't arise until recently. I was under the impression that the Court granted the motion to withdraw and issued a continuance for 30 days.

Court: No, I wanted to see where things stand with Ms. Wardigo.

Adams: We've been reduced to communication with Ms. Wardigo by email. The last time we heard from her was in June. We've made recommendations, but she hasn't taken us up on any. There are issues with the so-called abandonment of the purchase option. When we tried to exercise the option, she was told that there are all sorts of repairs without being told how much they would cost. There shouldn't be a mortgage on the property.

Court: Do you have a mailing address for her?

Adams: We do not. Any mail sent to the subject property gets sent back.

Court: I'm going to grant the withdrawal, subject to one last effort to locate Ms. Wardigo. And I'm going to require the parties to do research and find where the claimant is residing. I will continue for 45 days and claimant will need to obtain new legal counsel or appear at the hearing to provide further justification for the claim. If there isn't more effort to defend the claim, the Court may sustain the objection for failure to prosecute. I would like reasonable efforts taken to locate her. And let the Court know those efforts.

**OUTCOME:**

1. Debtor's *Objection to Claim No. 7 of Julie Wardigo* [Dkt. No. 73] is CONTINUED to January 13, 2021 at 9 a.m. [DB to issue a paper order. Debtor to serve the Order upon Claimant Julie Wardigo and file a certificate of service.]

2. Robert Adams' *Motion to Withdraw as Attorney for Julie Wardigo* [Dkt. No. 78] is GRANTED. [DB to issue Proposed Order at Dkt. No. 78-1 with the following paragraph added: "Withdrawal is conditioned upon Attorney Adams undertaking all reasonable efforts

within the next 2 business to ascertain the current mailing address for his client, Julie Wardigo. Ms. Wardigo shall also be provided with notice of the continued hearing and the instruction that either she must appear or have counsel appear on her behalf at the continued hearing on January 13, 2021 involving the Debtor's objection to her proof of claim.   To the extent Ms. Wardigo does not appear (either herself or through counsel, the claim objection may be sustained without further notice or hearing due to a failure to prosecute. Within 21 days of this Order, Attorney Adams shall file a status report indicating all efforts to locate Ms. Wardigo and notify her of the continued hearing.   Provided that Attorney Adams complies with this Order, he shall not be required to attend the hearing on January 13, 2021.]

**DATED:**  11/18/2020